ORIN EMERSON *v.* BASIL W. BRADLEY, and EBENEZER P. BATCHELDER, Trustee.

The decision of the county court, that a person summoned as trustee is not, in fact, chargeable, involving no question of law, cannot be revised, upon exceptions, by the supreme court.

TRUSTEE PROCESS. The trustees disclosed, interrogatories and answers were filed, and testimony was taken ; and the county court, —ROYCE, J., presiding,—decided, that the trustee was not chargeable. Exceptions by plaintiff.

*Cooper* for plaintiff.

*S. Sumner* for trustee.

The opinion of the court was delivered by

KELLOGG, J.   The only question, raised by the bill of exceptions in this case, is one of fact solely, and not involving any question of law.   This question of fact the county court have found in favor of the supposed trustee, that he had not any effects of the principal debtor in his hands and consequently was not trustee.   Now whether the county court erred in the finding of this fact, it is not the province of this court to determine.   This court sits as a court of error, to revise the decisions of the county court in matters of *law*, and not of fact.   Inasmuch, then, as there is no apparent error of law in the decision of the county court, it would be the duty of this court, sitting as a court of error, to affirm the judgment of the court below, even if we were to differ with them upon the question of fact. But the testimony presented to the county court having been brought before us, we have examined it ; and the examination does not enable us to discover any error of fact, in the decision of the county court upon the evidence in the case.   We discover nothing in the testimony to justify the conclusion, that Batchelder is trustee of the principal debtor.

Judgment affirmed.